1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   Sharon Jacob,                                    CASE NO. 10cv2249 MMA (JMA)

12                                    Plaintiff,      **ORDER:**

13          vs.                                       **GRANTING MOTION TO
                                                      PROCEED *IN FORMA PAUPERIS*,**
14
                                                      [Doc. No.2]
15
                                                      ***SUA SPONTE* DISMISSING
16   Oscar Flagg, et al.,                             COMPLAINT UNDER 28 U.S.C. §
                                                      1915(e)(2)(b)**
17                                    Defendants.
                                                      [Doc. No. 1]
18

19

20          Plaintiff Sharon Jacob, proceeding *pro se*, initiated this action by filing a Complaint against

21   Defendants Oscar B. Flagg and Franco Simone & Associates ("Defendants"). [Doc. No. 1.] Plaintiff

22   contemporaneously filed a motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.]

23                                              **I.**

24                                  **MOTION TO PROCEED IFP**

25          A party instituting any civil action, suit or proceeding in a district court of the United States,

26   except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. §

27   1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the

28   plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez*

1  *v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).   "To proceed in forma pauperis is a privilege not a

2  right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

3          Plaintiff's form affidavit states Plaintiff is employed by the San Diego Unified School District.

4  Plaintiff states "N[ot] A[pplicable]" in response to the question as to the amount of take-home salary,

5  wages and pay period.  Plaintiff has $40 in a checking account, and owns outright a Ford Windstar.

6  Plaintiff does not own any other assets, and lists debts in the amount of approximately $16,015.

7  Plaintiff lists her husband and two children as dependent upon her for support.  Finally, Plaintiff states

8  the source of funds she uses to pay her day-to-day expenses comes from her participation in

9  CalWorks, medical and food stamp programs.  [Doc. No. 2.]

10         The Court must employ "[t]he same even-handed care . . . to assure that federal funds are not

11  squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor

12  who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586

13  F. Supp. 848, 850 (D.R.I. 1984).  Here, the Court finds Plaintiff's affidavit sufficiently shows Plaintiff

14  is unable to pay the fees required to maintain this action.  It appears that although Plaintiff works for

15  the San Diego Unified School District, she is not compensated directly by the school district, but

16  rather received funds through the state CalWorks program, a welfare program that provides cash aid

17  and services to eligible families.  Additionally, Plaintiff has no additional assets other than the $40

18  in her checking account and her vehicle, and has three people that are dependent upon her for her

19  support.  In light of the aforementioned factors, the Court **GRANTS** the motion to proceed IFP under

20  28 U.S.C. § 1915(a).

21                                                     **II.**

22                          **SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b)**

23         "[W]hen determining whether a complaint states a claim, a court must accept as true all

24  allegations of material fact and must construe those facts in the light most favorable to the

25  plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d

26  1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of

27  Civil Procedure 12(b)(6)").  The standard used to evaluate the complaint is a liberal one,

28  particularly when a *pro se* Plaintiff filed the action.  *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976).

However, even a "liberal interpretation ... may not supply elements of the claim that were not

initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's

complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing

entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071

(9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all

well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief

that is plausible on its face.'" *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir.

2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009)). "'A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *Caviness v. Horizon

Cmty. Learning Ctr., Inc*., 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

The Court accepts "all facts alleged as true and construes them in the light most favorable

to the plaintiff." *County of Santa Clara v. Astra USA, Inc*., 588 F.3d 1237, 1241 n.1 (9th Cir.

2009). The Court is "not, however, required to accept as true conclusory allegations that are

contradicted by documents referred to in the complaint, and [the court does] not necessarily

assume the truth of legal conclusions merely because they are cast in the form of factual

allegations." *Paulsen*, 559 F.3d at 1071 (citations and quotation marks omitted). The Court must

construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, advise a

plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it

appears at all possible that the plaintiff can correct the defect. *See Lopez v. Smith*, 203 F.3d 1122,

1130-31 (9th Cir. 2000).

Additionally, under Federal Rule of Civil Procedure 10(b), a plaintiff should state "each

claim founded on a separate transaction or occurrence" as a "separate count." Fed. R. Civ. P.

10(b). Rule 10 provides that a "party must state its claims or defenses in numbered paragraphs,

each limited as far as practicable to a single set of circumstances." *Id*. For the following reasons,

the Court dismisses the complaint for failure to comply with the pleading standards of Rule 8(a)(2)

and Rule 10(b).

1    Here, Plaintiff's Complaint alleges a myriad of purported criminal and civil claims against

2    defendants.  Plaintiff lists her claims in the Complaint caption heading as "One Franco Simone,

3    and Associates ESQ and Infidels who Impersonating Attorney-at-law without Occupation

4    License/Title of Nobility/Hazard Bonds and[/]or Bonds for Professional Performances, Etc.[,]

5    Federal Crimes Reporting Statute Title 18 U.S.C. Section 2,3,4[,] Civil Rights Act, Bivens, Civil

6    RICO 28 U.S.C. [Section] 2680 Intentional Wrongful Conduct, 1) Dishonor Disclosure Credential

7    Requirements by Law." [Doc. No. 1, 1.]

8    The thirty-four (34) page Complaint is primarily comprised of Black's Law Dictionary

9    definitions, references to various constitutional provisions, statutes and other laws, as well as

10   paragraph excerpts from unknown sources.  The Complaint contains virtually no factual

11   allegations upon which Plaintiff may base her claims.  Plaintiff's Complaint is almost

12   unintelligible and fails to give Defendants notice of the claims she attempts to allege.  Thus, it is

13   extremely difficult to discern from the Complaint which legal theories Plaintiff intends to pursue

14   and what relief she is seeking.

15   The lack of clarity is further compounded by Plaintiff's failure to use headings in the

16   Complaint to identify the separate claims she asserts in this action.  Rather, the Complaint appears

17   to be divided into the following sections: "Complaint to the California Attorney General Article of

18   Impeachments" [Doc. No. 1, 2]; "Domestic Mixed War on Minority base on Race" [Id. at 3];

19   "Obstructing Justice of Legislative and enforcement" [Id. at 7]; "The Federal Crime Statute 18

20   USC 4 Required the" [Id. at 7]; "Count One: 18 U.S.C. 1962" [Id. at 8]; "Article III Section 3 -

21   Treason Note" [Id. at 9].  Based upon these headings, it is difficult to discern where in the

22   Complaint her claims are contained.

23   Furthermore, Plaintiff cannot state a claim against defendants of a criminal nature.  An

24   individual may not bring criminal charges against another individual or entity by filing a civil

25   complaint in this Court.  *See Aldabe, v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  Any civil

26   claims Plaintiff may have against defendants must allege sufficient facts to support a viable cause

27   of action.  Plaintiff must clearly and succinctly allege facts relevant to her claims, clearly name

28   which defendants she contends violated each claim, and must clearly state the legal basis for the

1    claims.  Short and plain statements of the elements of the claims showing that Plaintiff is entitled

2    to relief, and providing defendants fair notice of those claims are required.

3                                                    **III.**

4                                    **CONCLUSION AND ORDER**

5           For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Proceed IFP,

6    and *sua sponte* **DISMISSES** the Complaint with leave to amend.  Plaintiff's amended complaint

7    must be filed on or before ***December 30, 2010.***  The amended complaint must be complete in itself

8    without reference to the superseded pleading and must be in compliance with the terms stated

9    herein.  *See* S.D. Cal. Civ. L.R. 15.1.

10          **IT IS SO ORDERED**.

11

12   DATED:  December 1, 2010

13                                          Hon. Michael M. Anello
                                            United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28