# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON JACOB,<br><br>                      Plaintiff,<br>vs.<br><br>OSCAR FLAGG, et al.,<br><br>                      Defendants. | CASE NO. 10-CV-2249 MMA (JMA)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915 (e)(2)(B)**<br><br>[Doc. No. 4] |

On December 21, 2010, Plaintiff Sharon Jacob, proceeding *pro se*, filed a first amended complaint ("FAC") against Defendants "Oscar Flagg, Franco Simone, and Associates ESQ, and Superior Court Judges 1-000." [Doc. No. 4.] The Court previously granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"). Accordingly, Plaintiff's FAC is once again subject to mandatory screening under 28 U.S.C. § 1915(e)(2), and is **DISMISSED** for the reasons set forth below.

**I.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

As the Court explained in its December 1 Order [Doc. No. 3], "when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Although the standard is a liberal one, particularly when the complaint is filed by a *pro se* plaintiff, even a "liberal interpretation . . . may not

1  supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of
2  Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A complaint should be dismissed for failure to state a
3  claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state
4  a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ___ , 129 S. Ct. 1937, 1949
5  (2009).

6  In its previous order, the Court explained several reasons why Plaintiff's complaint was
7  deficient and therefore subject to dismissal. [*See* Doc. No. 3.] Here, the Court has reviewed
8  Plaintiff's FAC, and finds Plaintiff has not cured any of the deficiencies that were present in her
9  original complaint. Similar to the original complaint, Plaintiff's FAC is primarily comprised of
10 Black's Law Dictionary definitions, references to various statutes, long excerpts from United Nations
11 resolutions, and passages from various unknown sources. The FAC is almost unintelligible, and fails
12 to provide Defendants with adequate notice of the claims she attempts to allege. The following is an
13 example of the FAC's incomprehensible contents:[1]

> Declaratory Affidavit "True Bill" How A Claim of relief can only be granted ? . . . . . . under My UCC 1 Financing Statement with I Register with the Secretary of State as a Secure Party Creditor due to the Emergency Bankruptcy of 1933 and House Joint Resolution - 192 The Ultimate Fact ,In the name and by the authority of the People, I Sharon Jacob ,hereby attest and acknowledge that since I'm **Not a Signatory nor a Party to the Constitution for the United States of America** and i further give Caveat Notice That since all of the America People of the 50 Republic Sovereigns Status are **subjected to Former President Lincoln Executive Order No. 2 of April 1861, Martial Law Rules** . . .

19 [Doc. No. 4 at 17.]

20 Also, Plaintiff's FAC continues to lack well-pleaded factual allegations upon which Plaintiff
21 may base her claims. Although far from clear, the few lines Plaintiff does devote to factual allegations
22 state that Defendant Simone is not a licensed attorney in the state of California [Id. at 28], and
23 Defendant Flagg improperly conveyed real property to himself [Id. at 35]. These slim allegations,
24 however, do not contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft*,
25 556 U.S. at 1949. Plaintiff does not provide any factual allegations to explain how Defendant
26 Simone's alleged lack of license to practice law supports any particular claim, nor does Plaintiff state

---

[1] All typographical and grammatical errors appear in the FAC, and have not been corrected by the Court.

what type of relief she is seeking. Plaintiff also does not provide sufficient factual allegations to describe the real property that is presumably at issue, nor does she allege how Defendant Flagg's alleged conveyance of the property was improper.

Plaintiff's FAC is further subject to dismissal because she again fails to comply with the requirements of Rule 10(b). She does not state "each claim founded on a separate transaction or occurrence" as a "separate count;" nor does she state her claims in numbered paragraphs and limit each paragraph "as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Furthermore, the contents of Plaintiff's FAC again suggests Plaintiff is attempting to state a claim against defendants of a criminal nature. To the extent Plaintiff is trying to bring criminal charges against Defendants, the Court reminds Plaintiff that an individual may not bring criminal charges against another individual by filing a civil complaint in this Court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

## II. CONCLUSION AND ORDER

Upon reviewing Plaintiff's FAC, **IT IS HEREBY ORDERED** that Plaintiff's FAC is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). If Plaintiff chooses to file a second amended complaint, it must be filed on or before February 11, 2011. The Court advises Plaintiff that if she files a second amended complaint that fails to cure the deficiencies outlined above (and set forth in greater detail in the Court's December 1 Order), her complaint may be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: January 13, 2011

Hon. Michael M. Anello
United States District Judge